UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN DIAZ JIMENEZ,

        Petitioner,

    v.                             Case No.:  2:26-cv-00407-SPC-DNF

PAMELA BONDI *et al.*,

        Respondents,

                                      /

## <u>OPINION AND ORDER</u>

Before the Court are Juan Diaz Jimenez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).  For the below reasons, the Court grants the petition.

Diaz Jimenez is a native and citizen of Guatemala who entered the United States in 2009 as a 17-year-old.  The Department of Homeland Security ("DHS") commenced removal proceedings on August 16, 2019, by issuing a notice to appear ("NTA").  At an immigration hearing on September 16, 2019, Diaz Jimenez admitted to the factual allegations in the NTA, the immigration judge issued a $10,000 bond, and Diaz Jimenez paid the bond and was released from custody.  Since then, he has applied for asylum, withholding of removal, and protection under the Convention Against Torture, and the application remains pending.  The government has issued him work authorization and a social security card.  He has no criminal history other than an arrest for driving

without a license. Nevertheless, on December 1, 2025, Diaz Jimenez was arrested during a traffic stop—he was a passenger—and handed over to Immigration and Customs Enforcement ("ICE"). He remains detained at Glades County Detention Center.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Diaz Jimenez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Diaz Jimenez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Diaz Jimenez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Diaz Jimenez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court would normally order the respondents to bring Diaz Jimenez before an immigration judge for a bond hearing, but that is unnecessary here. An immigration judge already released Diaz Jimenez on bond pending a removal decision, and the government presents no reason to revoke that bond or authority to collect a second bond. Diaz Jimenez is entitled to immediate release.

Accordingly, it is hereby

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

**ORDERED**:

Juan Diaz Jimenez's Verified Petition for Writ of Habeas Corpus (Doc.

1) is **GRANTED**.

(1)     The respondents shall release Diaz Jimenez within 24 hours of this

order and facilitate his transportation from the detention facility by notifying

his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4